UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TANYA C.,

                                   Plaintiff,

                              v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                   Defendant.

                             <u>DECISION AND ORDER</u>

                             23-CV-0074DGL

_____

       Plaintiff appeals from a denial of disability benefits by the acting Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

       On June 15, 2018, plaintiff, then fifty-two (52) years old, filed an application for supplemental security income, alleging an inability to work since June 1, 2017, later amended to June 13, 2018. Her application was initially denied. Plaintiff requested a hearing, which was held via teleconference on September 10, 2020 before Administrative Law Judge Ryan A. Ager. Administrative Law Judge Ager issued a decision on September 30, 2020, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #5 at 15-26). That decision became the final decision of the Commissioner on March 5, 2021, when the Appeals Council denied review. (Dkt. #5 at 1-3).

       Plaintiff appealed to this Court, and on September 17, 2021, by mutual stipulation of the parties, the initial decision was reversed, and the matter was remanded to the Commissioner for further proceedings. (Dkt. #5 at 934-35). The Appeals Council remanded the matter to

Administrative Law Judge Linda S. Harris Crovella (the "ALJ") on February 14, 2022, directing that several issues be resolved. These included the Appeals Council's finding that the prior ALJ had found the opinion of consulting psychologist Dr. Stephen Farmer "somewhat persuasive," but failed to explain which aspects of the opinion were found persuasive and which were not, or to explain why some of the restrictions opined by Dr. Farmer were not included in the residual functional capacity ("RFC") determination. (Dkt. #5 at 936-40).

A new hearing was held via teleconference before the ALJ on August 17, 2022, at which plaintiff and vocational exert Warren Maxim testified. On September 28, 2022, the ALJ issued an unfavorable decision (Dkt. #5 at 853-79). Plaintiff now appeals.

The plaintiff has moved for judgment on the pleadings reversing the decision and remanding for further proceedings (Dkt. #6), and the Commissioner has cross moved (Dkt. #11) for judgment on the pleadings, pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

**DISCUSSION**

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ summarized plaintiff's medical records, reflecting diagnosis and treatment for major depressive disorder, post traumatic stress disorder, polysubstance abuse, and left shoulder

tendonitis, status post arthroscopic repair, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #5 at 859). The ALJ observed that plaintiff had also complained of cervical and lumbar spinal impairments, but determined that these were non-severe, citing a host of normal examination findings including normal gait, full strength in the upper and lower extremities, normal range of motion, and normal neurologic findings. (Dkt. #5 at 859). The ALJ indicated that despite finding plaintiff's spinal impairments to be nonsevere, she had considered them in assessing plaintiff's RFC. (Dkt. #5 at 860).

Applying the special technique for mental impairments, the ALJ determined that plaintiff has a moderate limitation in understanding, remembering, and applying information, a moderate limitation in interacting with others, a moderate limitation in maintaining concentration, persistence, and pace, and a moderate limitation in adapting or managing herself. (Dkt. #5 at 861-62).

The ALJ found that plaintiff has the RFC to perform work at all exertional levels, with the following limitations: she cannot reach overhead with the left dominant upper extremity, and can have no more than occasional concentrated exposure to extreme cold or wetness. She can perform simple, routine, repetitive tasks in a work environment that does not involve strict production quotas or fast-paced production rate work, such as assembly line or conveyor belt work. She can make simple work-related decisions, with no more than occasional changes in the workplace. She can have no interaction with the general public, no more than occasional interaction with supervisors, and no more than brief incidental contact with coworkers, with no tandem work. Plaintiff will be off-task for 10% of the workday. (Dkt. #5 at 863).

When presented with this RFC as a hypothetical, vocational expert Maxim testified that while plaintiff had no past relevant work, an individual of plaintiff's age (closely approaching

advanced age at the time of alleged onset, and later advanced age) and educational level (high school) with this RFC could perform the representative medium exertion occupations of vehicle cleaner, store laborer, and salvage laborer. (Dkt. #5 at 872). The ALJ accordingly found plaintiff not disabled.

I.  The ALJ's Step Two Severity Determination

Initially, plaintiff argues that the ALJ erred when she determined that plaintiff's alleged cervical and lumbar spinal impairments were not severe, and when she failed to account for plaintiff's spinal limitations (whether severe or nonsevere) in plaintiff's RFC.

A "severe" impairment is defined as, "any impairment or combination of impairments which significantly limits [a claimant's] physical or mental ability to do basic work activities," 20 CFR §404.1520(c), and which meets the 12-month durational requirement. *See* 42 USC §423(d)(1)(A). Notwithstanding this verbiage, the Step Two evidentiary requirement is *de minimis*, and intended only to screen out the truly weakest of cases. *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995). Thus, a Step Two finding of non-severity is only appropriate in cases where "the medical evidence establishes only a slight abnormality . . . which would have no more than a minimal effect on an individual's ability to perform basic work activities." SSR 85-28, 1985 SSR LEXIS 19 (1985).

Furthermore, regardless of whether an impairment is found to be severe, the ALJ is ultimately required to "consider the combined effect of all of [a claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity" to establish disability. *Melendez v. Commissioner*, 2020 U.S. Dist. LEXIS 131543 at *8 (W.D.N.Y. 2020)(citing 20 CFR §§404.2534(c), 416.923(c)).

Here, the ALJ's finding that plaintiff's spinal impairments were nonsevere was supported by specific citation to several treatment and examination notes in the record. (Dkt. #5 at 859). The ALJ indicated that even though she found plaintiff's spinal impairments to be nonsevere, she had considered them in formulating plaintiff's RFC. (Dkt. #5 at 860).

Even assuming *arguendo* that the ALJ's finding of nonseverity was not erroneous – an issue that the Court does not reach – the Court is unconvinced by the ALJ's boilerplate statement that she considered the impact of plaintiff's spinal impairments upon her RFC. At the very least, it is unclear how the RFC determination reached by the ALJ could have accounted for spinal impairments of any level of severity, when it contained no exertional or postural limitations whatsoever, other than an overhead reaching limitation to account for plaintiff's left shoulder tendonitis. To the extent that the ALJ may have concluded that plaintiff's documented spinal injuries and impairments simply did not result in any exertional or postural limitations (such that plaintiff had the RFC to perform work in any posture, for any duration, even at the heavy exertional level, so long as it did not involve overhead reaching with the left arm), the ALJ provided no explanation for that conclusion, thus frustrating meaningful review. This is reversible error. *See generally Christopher D. v. Comm'r of Soc. Sec.*, 2023 U.S. Dist. LEXIS 183805 at *11 (W.D.N.Y. 2023).

Nor are the ALJ's Step Two errors harmless. RFC limitations intended to account for spinal impairments often take the form of reduced exertional capacity, and given plaintiff's age and educational level, an RFC for light or sedentary work would have directed a finding of disability for most or all of the period under consideration. *See* 20 CFR, Pt. 404, Subpt. P., App. 2, Rules 201.04 and 202.04. Remand is therefore necessary.

## II.     The ALJ's Assessment of Medical Opinion Evidence

An ALJ's "[d]eviation from [a] remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review." *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989).

One of the reasons for the previous remand of this matter was the prior ALJ's failure to properly consider the medical opinion evidence of record. In particular, the Appeals Council noted that while the prior ALJ had found the opinion of consulting psychologist Dr. Farmer to be "somewhat persuasive," the ALJ had failed to account for, or explain his reasons for rejecting, Dr. Farmer's opinion that plaintiff had moderate limitations in using reason and judgment, moderate to marked limitations in social interaction, and moderate to marked limitations in regulating emotions, controlling behavior, and maintaining well-being. (Dkt. #5 at 938).

In the decision following remand, the ALJ described the substance of Dr. Farmer's objective findings and medical opinion, and found it "somewhat persuasive," because it was "mostly supported" by plaintiff's "general independence with activities of daily living," mental health treatment notes, and Dr. Farmer's own findings, including anxious and irritable but generally cooperative behavior, mildly impaired attention and concentration "due to stress related trauma," below average cognitive functioning, and only "fair" insight, judgment, social skills, and grooming. (Dkt. #5 at 356-60, 868).

Once again, the ALJ failed to identify which portions of Dr. Farmer's opinion she credited and which portions she rejected, and did not otherwise explain how the evidence of record she cited either supported or undermined Dr. Farmer's opinion of moderate limitations in using reason and judgment, and/or moderate to marked limitations in social interaction, regulating emotions, controlling behavior, and maintaining well-being. Because the ALJ failed to specify which

portions of Dr. Farmer's opinion she intended to incorporate into her RFC determination, or to explain her reasons for rejecting any of the remaining portions, the Court cannot engage in a meaningful review of her determination. Remand is therefore appropriate. *See generally Thomas v. Berryhill*, 337 F. Supp. 3d 235, 238 (W.D.N.Y. 2018)(remand is appropriate where ALJ failed to explain why portions of a physician opinion were not adopted).

In concluding her discussion of Dr. Farmer's opinion, the ALJ appears to have committed an additional error. In purported deference to treatment notes indicating that plaintiff's symptoms are exacerbated by stress, and that plaintiff had presented to Dr. Farmer and others as anxious and irritable, the ALJ explained that she had limited plaintiff to simple, routine tasks, with simple work-related decisions, no more than occasional workplace changes, and 10% of off-task time. (Dkt. #5 at 868). This highly specific 10% off-task limitation appears to have been the result of naked surmise, and was an improper substitution of lay opinion for competent medical opinion: no medical opinion or other evidence of record specified or quantified any specific limitation for off-task time. *See Tara W. v. Comm'r of Soc. Sec.*, 2021 U.S. Dist. LEXIS 182408 at *9-*10 (W.D.N.Y. 2021)(collecting cases, and finding that remand is necessary where there was no "specific medical evidence or opinion to support the ALJ's [percentage of time off-task] assessment," and the ALJ otherwise failed to explain the basis for it); *Joshua K. v. Comm'r of Soc. Sec.*, 2021 U.S. Dist. LEXIS 13450 at *10 (W.D.N.Y. 2021)("[c]ase law from this District reflects that if an ALJ believes that an off-task time limitation is necessary, he or she must refer to a medical opinion or other specific evidence in the record that supports such a limitation")(quoting *Michelle A. v. Saul*, 2020 U.S. Dist. LEXIS 230508 at *10 (W.D.N.Y. 2020)); *Wouters v. Comm'r of Soc. Sec.*, 2020 U.S. Dist. LEXIS 80565 at *6 (W.D.N.Y. 2020)("[s]pecific RFC assessments, like

percentage of time off-task, must be based on evidence in the record, and not on an ALJ's own surmise")(internal quotation marks and citation omitted). This, too, is reversible error.

In summary, the ALJ's errors at Step Two, failure to reach a decision supported by substantial evidence, and failure to discharge her duty to "take any action that is ordered" on remand, constituted reversible error. 20 C.F.R. §§404.977(b), 416.1477(b). Because I find that remand is necessary for a fresh consideration of plaintiff's claim and the issuance of a new decision, I decline to reach plaintiff's alternative arguments.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision failed to follow the directives issued by the Appeals Council on remand, was not supported by substantial evidence, and was the product of legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #6) is granted, the Commissioner's cross motion for judgment on the pleadings (Dkt. #11) is denied, and this matter is remanded for further proceedings.

On remand, the ALJ should reassess the evidence of record in its entirety and in conformity with the Appeals Council's directives and the standards applicable to severity determinations and the consideration of medical opinion evidence, supplementing the record if and as appropriate, and render a new decision.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 14, 2023.